UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EDWARD J. BEACH,
(Plaintiff)

V.

HARLEY LAPPIN,
(Defendant)

Civil Action No. 07-0700(RJL)

PLAINTIFFs RESPONSE TO JULY,19th,2007s,COURT ORDER
TO RESPONED TO
DEFENDANTs MOTION TO DISMISS
AND
PLAINTIFFs REQUEST FOR SUMMARY JUDGMENT

Plaintiff,EDWARD J. BEACH,hereby submits this response to the Defendants"MOTION TO DISMISS",Court Orderd reply by:the,21st,day of,AUG,2007.

### BACKGROUND OF CIVIL ACTION AND ITs FILING

The Civil Action"Writ of Mandamus"was initially filed/served with the District of Columbia Court,and filed/served on the Defendant in the same manner[U.S. Post,Pre Paid],and at the same time, with[Certificate of service],on or about:the,27th,day of,FEB,2007.

All in Accordance with the Federal Rules of Civil Procedure (Rule 5) and(28 U.S.C. 1915).

The Defendant,after receiving the"Writ of Mandamus"<u>intentionaly did not forward</u> the"Writ of Mandamus"to his Counsel,(Defendant returned the documents to the Plaintiff).

This is just one action that shows KNOWING,WILLING and INTENTIONAL,acts of Bad Faith,as well as an attempt to coverup,disregard and delay,the pending Legal Action,and to disregard the Defendants Legeal Responsibility in the Administrative Remedy Appeals Prosess.

On the,30th,day of,APR,2007,the Court Ordered the Defendant to respond to the Court,and the Plaintiff with a statement showing why the "Writ of Mandamus"should not be issued,(within,20,days).

It was also Ordered that the(U.S. Marshal serve on the Defendant,the Attorney General of the United States,and the U.S.Attorney for the District of Columbia,This Order was also elictronically filed by the Court Clerk.

On the,25th,day of,MAY,2007,Plaintiff filed a document with the Court,notifying the Court that the Defendant had [Failed to Comply]with the Courts Order,which again is a act of [Default] as well as a act,in Degredation of the Courts Order.

On the,8th,day of,JUNE,2007,a [Notice of Entry of Attorneys Appearance] was entered into the record;recording Attorney (QUAN K. LUONG) as Counsel of record for the Defendant.

> NOTE:This is over,3,months after Defendant being served
> in accordance with the Federal Rules of Civil Procedure (Rule 5).

On the,28th,day of,JUNE,2007,Defendant,through Counsel,filed with the Court,[Respondents Motion to Enlarge Time].

In said Notion,Defendant claims a case of not being notified, clearly trying to CERCUMVENT the legal issue at hand.

The Defendants Counsel clearly states,[QUOTE]the undersigned Counsel for the Respondent first learned of the Courts Order late on June,27th,2007,upon checking the Courts docket sheet on (pacer).

THIS STATEMENT CANNOT BE TRUE-(see docket); Notice of Entry of Attorneys Appearance,Dated:07-08-2007.

RESPONSE
TO
DEFENDANTs MOTION TO DISMISS

Defendant has requested that,Plaintiffs Civil Action be dismissed under,Rule 12(b)(1)and(b)(6).

This is clearly another [PLOY] in a attempt to distance themselves from the District Court that they reside and work in,and has [NO MERIT].

Plaintiff has clearly filed under(28 U.S.C, 1391(e) ),Venue is proper this Court under the provisions of(28 U.S.C. 1391(e))because the Defendant is a Employee/Officer of the United States Department of Justice-Office of th General Counsel-Bureau of Prisons, Washington,D.C..

Defendant in his official capacity as [Director]is [Ultimately Responsible] for the actions of his subordinates and their offices, (In Example);Office of General Counsel,Bureau of Prisons Regional Offices,as well as the Prisons themselves.

Plaintiff contends that the entire chain of command,in the Administrative Remedy Appeal Process has[FAILED],willingly and knowingly,to follow the;CODE OF FEDERAL REGULATION,and the BUREAU OF PRISONS PROGRAM STATEMENTS(BOP P.S.),[TO THE LETTER].

Therefore the Defendant,as Director of the Office of General Counsel,Bureau of Prisons,is [ULTIMATELY RESPONSIBLE]for the actions of his Office and his subordinates.

Therefore Venue and Jurisdiction is in the District of Columbia, and in accordance with (28 U.S.C. 1391(e)).

## RESPONSE TO DEFENDANTS CLAME,
## THAT
## PLAINTIFF FAILED TO COMPLY WITH,THE
## ADMENISTRATIVE REMEDY REQUIREMENTS

The Defendant clames that the Plaintiff has failed to comply with the[BOPs Program Statements] and the [Code of Federal Regulation] in,two,separate matters.

<u>Matter No.(1)</u> Being the (Urine Surveillance and Narcotic Identification)Program,28 C.F.R. 550.30-32, 550.42 and BOP P.S.6060.08 & Attachment (a).

<u>Matter No.(2)</u> being the (Administrative Remedy Appeals) process, 28 C.F.R. 542.15 & BOP P.S.1330.13.

In matter No.(1) Plaintiff has a clear right to relief,as the (BOP) FCI-Williamsburg staff <u>knowingly</u> AND <u>willingly</u>,[FAILED] to execute and follow the Code of Federal Regulation and the (BOP) Program Statements,[to the Letter],(Please refer to Origenal BP-10 and BP-11 filed with "Writ of Mandamus")

Plaintiff contends that the (BOP)FCI-Williamsburg staff,did, <u>knowingly</u> and <u>willingly</u> [go outside of,and VIOLATE] the Code of Federal Regulation(28 C.F.R 550.30-32&28 C.F.R. 550.42) and (BOP) Program Statement,6060.08 & Attachment(A),Urine Surveillance and Narcotic Identification,By demanding that the Plaintiff [pull out his penis for them to inspect],This being dun by verbally assaulting the Plaintiff with demeaning and dehumanizing comments,Which is initself is a [Violation] of (BOP)Program Statement,3420.09, (<u>Standards of Employee conduct</u>,to includ,Attachment(A)(9),(28),(31), (32),(33),(35),and(54).

The staff member said [Quot] if you do not pull it out for us to look at,you are going to the [Hole]-(SHU)Special Housing Unit.

<u>Plaintiff repeatedly asked if he could provide the Urine Sample with the Staff member standing behind,or,to the side of him</u>,And again <u>the</u> <u>Staff</u> <u>stated</u> that thay had to see his[penise].

Plaintiff replyed; I am not a homosexual and do not want to pull my penise out in front of another man.

Plaintiff again requsted to be able to provide a urine sample [IN ACCORDANCE WITH] the Code of Federal Regulation [and] (BOP Program Statement) covering Urine Testing.

NOTE: [NOWHERE] in the Code of Federal Regulation [or] the (BOP) Program Statements does it call for <u>direct or indirect</u> <u>viewing</u> <u>or</u> <u>inspection</u> <u>of</u> <u>the</u> [Genitalia] of the one supplying the Sample.

(BOP) Program Statement 6060.08,Attachment(A)(4),clearly states [I QUOTE]Bottles will be kept under direct Staff observation and Control at all times,both <u>BERORE</u> [and] <u>AFTER</u> the inmate furnishes the Urine Sample.

NOTE: <u>BEFORE</u> [and] <u>AFTER</u> [not] <u>DURING.</u>

It is unnecessary for such actions,if the Code of Federal Regulations,and the (BOP) Program Statements are followed to the letter.

The Discipline Hearing Officer (J. COMSTOCK)is responsible for the many Violations and the attempt to cover up and over look the Staffs/Officers [Blatant Disregard] for following the Code of Federal Regulation and the (BOP)s Program Statements,this was a attempt to cow the Plaintiff with threats and to exhibit,that thay (the BOP Staff) could act outside of the Rules[with out Consequence].

Plaintiff has given Urine Samples one to two times each month since,and the Staff (normaly) follows the guidelines.

In matter No.(2) Plaintiff has a clear right to relief, as the Bureau of Prisons, from FCI-Williamsburg Prison Level, to the Regional Level, to the Office of General Counsel-Central Office, to the Director, Federal Bureau of Prisons (HARLEY LAPPEN), have knowingly and willingly, Failed to Follow/Execute and Comply with the: Code of Federal Regulation, 28 C.F.R. 542.15(b)(3) and the Bureau of Prisons Program Statement, (BOP)P.S.1330.13, In regard to the (Administrative Remedy Appeals Process) as well as the Bureau of Prisons Program Statement, (BOP)P.S.3420.09, (STANDARDs OF EMPLOYEE CONDUCT), along with its, Attachment(A)(31),(32),(33),(35)and(54).

Defendant argues that Plaintiff filed to many pages/exhibits with each (BP-10 & BP-11).

This is simply [not true], Plaintiff has filed both(BP10&11) in complete compliance with, 28 C.F.R. 542.15(b)(3)and (BOP P.S. 1330.13.

Plaintiff contends that the (BOP)Regional Office and Central Office [Cannot Redefine], 28 C.F.R. 542.15(b)(3), just to avoid or dismiss or Coverup the unpleasant fact that the (BOP) Staff has acted unethical/unmorally and completely without any Integrity.

Again Plaintiff has filed all(Administrative Remedy Appeals) in complete compliance with the (C.F.R.)&(BOP P.S.); one each (BP-10) and one each (BP-11) along with there exhibits, as directed by (28 C.F.R. 542.15(b)(3) and (BOP)P.S.1330.13.

Therefore Plaintiff has [exhausted]all forms of, Administrative Remedy, and has no other course of action or relief other than a [Civil Action].

The Defendant has made reference in their"Motion to Dismiss on page No:(2)&(3) refering to the (BOP) Officers explanation of instructions and of (DHO) Officers actions.

<u>THESE ARE UNTRUE ACCOUNTS
AS WELL AS MANY OTHERs</u>
(<u>Pleas see BP-10 for true accounts</u>)

I,EDWARD J. BEACH,the Plaintiff swear under penalty of perjury to the facts that I state.  (Will Thay)

NOTE:The DHO Officer stated [Quote] a inmates word is not credible,and does not matter.

<u>PLAINTIFF RESPONSE TO DEFENDANTs CLAIM</u>

<u>OF A FAILURE TO STATE</u>

<u>A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

plaintiff states that their has always been a clear right to relief,That of:Charges and sanctions rendered [VOID]overturned which would consist of:

(1) The return of <u>40</u> days Good Time.
(2) The reinstatement of all visitation privileges.
(3) Plaintiffs name removed from the(HOT LIST)monthly testing.
    NOTE:Plaintiff also spent <u>45</u>,days in the (SHU).
(4) Reimbursement for lost Job and Wages,from,OCT,15,2006, to present.
(5) All staff retrained;made to read and follow the Code of Federal Regulation and the (BOP) program statements befor Administering Urine Testing.
(6) Written Repremand:For all staff in the Violation of the Plaintiffs rights under the Code of Federal Regulations and the (BOP) Program Statements.

All of this is under the Title:*Charges and Sanctions over= turned in the BP-11, Therefore,their has allways been a clearly stated [Relief] to be granted.

NOTE: Plaintiffs lost wages by itself, should be grounds for the Plaintiff to Invoke--The 7th Amendment right to a Jury Trial. One in which the Plaintiff is willing to persue, but would like for it not to be nessary.

<u>PLAINTIFFs</u>
<u>REQUEST FOR SUMMARY JUDGEMENT</u>

Plaintiff, <u>EDWARD J. BEACH</u>, Humbly request that [This] Honorable Court grant [Relief] to the Plaintiff in the form of [Summary Judgment].

This is the same relief that was sought in the Plaintiffs (BP-11) Administrative Remedy Appeal.

<u>PRAYER</u>
<u>RELIEF SOUGHT</u>

Plaintiff PRAYs that the Honorable Court render any and all (DHO) charges/sanctions [VOID], and [<u>Dismissed with Prejudice</u>], with all privileges restored and or compensated for.

(1) Return of, <u>40</u>, days Good Time.
(2) Return of all Visitation Privileges.
(3) Name Removed from the (HOT LIST) monthly Urine testing.
(4) Reimbursement ald or Compensation for; Lost Job and Wages, based on a average monthly income befor the incident; Approximately $<u>200.oo</u>.
(5) Reimbursiment and or Compensation for the, <u>45</u>, days spent in confinement.
(6) All (BOP) Staff, Retrained, To follow the Code of Federal Regulation and the (BOP) Program Statements TO THE LETTER
(7) Letters of reprimand for all (BOP) FCI-Williamsburg staff involved to include the (DHO) Officer (J. COMSTOCK).

<u>Plaintiff Humbly request that in [addition] to the above</u> mentioned, that this Honorable Court Grant the [additional relief].

(1) Defendant reimburse Plaintiff the $<u>350.oo</u>Dollers filing fee.
(2) $5000.oo Dollers for deprivation of rights to the Administrative Remedy Appeals Process, and knowingly, willingly and with [MALICIOUS INTENT], slandering and sulyed Plaintiffs name as well as a [DEPRIVATION OF CHARACTER].

(3)$10000.ooDollers Attorney Fees and Ligal research and filling for over a 10month Time frame.

In the event that this Honorable Court declines to make a summary Judgment,Plaintiff Humbly Request that the Court grant the Plaintiff leave,to inact the Plaintiffs (7th Amendment) right to a Jury Trial,under/or using the same IN Forma Pauperis.

RESPECTFULLY SUBMITTED This,17th day of,AUG ,2007.

*[signature]*
EDWARD J. BEACH
Pro Se

Persuant to Title(28 U.S.C. 1746),I certify under penalty of perjury that the FORGOING is True and correct,

*[signature]*
EDWARD J. BEACH
Pro Se

In Haines V. Kernes 404 U.S. 519,520,30L. Ed 2d652,S .ct. 594 (1972)the United States Supreme Court instructed the lower Court to hold Pro Se pleading as filing to a less stringent standard than formal pleading drafted by Lawer.

## PROOF OF FILING

I,EDWARD J. BEACH,certify that on this,The,17th day of,AUG ,2007, This document was filed pursuant to the holding in Houston V. Lsvk, 487 U.S.226(1988) by placing it in the prison mail facility for further delivery to the court.

*[signature]*
EDWARD J. BEACH
Reg No:19340-058
FCI-Williamsburg
P.O. BOX 340
Salters,SC 29590

## CERTIFICATE OF SERVICE

I, EDWARD J. BEACH, certify that of the, 17th day of, AUG ,2007, a true and correct copy of the foregoing was sent by First Class, Postage Pre Paid to:

HARLEY LAPPIN
(through Counsel)
C/O QUAN K. LUONG
Special Assistant U.S. Attorney
U.S. Department of Justice
U.S. Attorneys Office                    --( 1ea Copys )
555 Fourth Street, N.W.
Washington,D.C. 20001


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. Courthouse                          --( 3ea Copys )
333 Constitution Avenue N.W.
Washington,D.C. 20001


*Edward Beach* (signature)
EDWARD J. BEACH
Pro Se
Reg No:19340-058
FCI-Williamsburg
P.O. BOX 340
Salters,SC 29590