UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDWARD J. BEACH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-700 (RJL) |
| HARLEY LAPPIN, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO THE PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**DISCUSSION**

**A.   Plaintiff concedes defendant's argument that his mandamus request is inappropriate**

Notably, plaintiff's opposition fails to address the defendant's arguments that he is not entitled to the extraordinary relief of mandamus. For this reason alone, plaintiff's mandamus request should be denied. See Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F.Supp.2d 174, 178 (D.D.C. 2002) ( "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded .... Therefore, because the plaintiff has failed to address the defendants[' ] positions that certain claims in the complaint should be dismissed, the Court will treat those claims as conceded." ) (citations omitted); Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F.Supp.2d 154, 159 (D.D.C. 2002) ( "If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." ) (citation omitted); Bancoult v.

McNamara, 227 F.Supp.2d 144, 149 (D.D.C. 2002) ( "[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." ) (citations omitted); Stephenson v. Cox, 223 F.Supp.2d 119, 122 (D.D.C. 2002) ( "The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss. Consequently, the court treats the ...[defendants'] arguments for dismissal, which lead to the dismissal of the case, as conceded." ) (citations omitted). Even were this Court to consider plaintiff's request for mandamus on the merits, defendant has already demonstrated that such an extraordinary relief is inappropriate in this case. See Def. Mot. to Dismiss at 4-6.

**B.     Plaintiff has failed to exhaust his administrative remedies**

Plaintiff argues in conclusory fashion that he complied with the BOP's page limitations on regional administrative appeals, yet he fails to address the specific arguments raised in the defendant's motion to dismiss. Pl. Opp. at 6. Notably, plaintiff does not dispute that the applicable BOP regulations limit such appeals to only the appeal form and one continuation page (if necessary) and exhibits. See 28 C.F.R. §§ 542.14(c)(3) and 28 C.F.R. § 542.15(b)(3). Plaintiff also does not dispute that one of his so-called "exhibits" is a five-page document entitled "History of the Facts," in which he set forth arguments related to the reasons for his administrative appeal. Pl. Compl. at Ex. 2, 3. Such a document clearly is not an "exhibit," and represents nothing more than an attempt by the plaintiff to circumvent the BOP's regulations governing the page limitations for such appeals. For this reason, the BOP properly rejected the plaintiff's regional administrative appeal and provided him with an opportunity to resubmit his

2

appeal. However, rather than file a proper regional appeal, plaintiff instead elevated his appeal to the next level without any final adjudication at the regional level. Having failed to properly exhaust his administrative remedies, this complaint must be dismissed.

**C.    Plaintiff does not dispute that South Carolina is a more appropriate venue**

In his opposition, plaintiff repeats his conclusory claim that venue is proper in this District solely because the defendant, Harley Lappin, in his official capacity, is employed in the District of Columbia and is "[ULTIMATELY RESPONSIBLE] for the actions of his Office and his subordinates." Pl. Opp. at 3. Even assuming that venue is technically appropriate under 28 U.S.C. § 1391(e), defendant submits that, given the factors set forth by the D.C. Circuit in Starnes v. McGuire, 512 F.2d 918 (D.C. Cir. 1974), a transfer to South Carolina is appropriate under 28 U.S.C. § 1404(a). Plaintiff does not dispute that he is currently located at the FCI Williamsburg in South Carolina, that the events at issue took place at the FCI Williamsburg, and that his records are located at FCI Williamsburg. Thus, in the event that plaintiff's complaint is able to survive defendant's motion, this complaint should be transferred to South Carolina where it would be most appropriately litigated.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court deny plaintiff's writ of mandamus and dismiss the plaintiff's complaint in its entirety. In the alternative, the case should be transferred to the United States District Court for the District of South Carolina.[1]

---

[1] In his opposition, plaintiff raises for the first time, in a prayer for relief, requests for the return of forty (40) days of good time credit and $5,000.00 for deprivation of his rights. Pl. Opp. at 8. To the extent that plaintiff is attempting to bring any *Bivens* claims challenging his discipline, such a claim is not cognizable. As the Supreme Court held in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a prisoner may not bring a civil rights action for money damages alleging

          Respectfully submitted,

          __/s/_____
          JEFFREY A. TAYLOR, D.C. BAR # 498610
          United States Attorney

          __/s/_____
          RUDOLPH CONTRERAS, D.C. BAR # 434122
          Assistant United States Attorney

          __/s/_____
          QUAN K. LUONG
          Special Assistant United States Attorney

---

unconstitutional conviction or imprisonment unless the conviction had first been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus) and Edwards v. Balisok, 520 U.S. 641, 647 (1997) (Supreme Court applied Heck to a prisoner's civil rights suit attacking an internal prison disciplinary sanction that affected the overall length of confinement, where good time had been taken from the inmate, holding that a claim for damages, based on procedural defects in the prison disciplinary hearing, necessarily implied the invalidity of the punishment imposed and was therefore not cognizable under § 1983), such a claim is not cognizable unless and until plaintiff has first brought a habeas action that successfully invalidates his disciplinary proceedings and the loss of his good-time credits.

Also, because plaintiff challenges the duration of his confinement, such an action could not be brought in this District Court because the plaintiff is not confined in this judicial district. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); see also 28 U.S.C. § 2241(a) (stating that district courts are limited to granting habeas relief "within their respective jurisdictions"); see also Griffin v. Ashcroft, 2003 WL 22097940, *2 (D.C. Cir. Sept. 3, 2003) (per curiam) ("The loss of good time credits may only be challenged in a habeas corpus petition against the prisoner's custodian.").

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2007, I caused the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

> Edward J. Beach
> R19340-058
> FCI Williamsburg
> P. O. Box 340
> Salters, SC 29590

                                  __/s/_____
                                  QUAN LUONG
                                  Special Assistant United States Attorney