UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EDWARD J. BEACH,            )
                            )
        Petitioner,         )
                            )
    v.                      )   Civil Action No. 07-0700 (RJL)
                            )
HARLEY LAPPIN,              )
                            )
        Respondent.         )

### MEMORANDUM OPINION
October 26, 2007

In this action for mandamus relief, petitioner, a federal prisoner, seeks to compel Bureau of Prisons ("BOP") Director Harley Lappin to act on his administrative appeal to the Central Office. Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Upon consideration of the parties' submissions and the entire record, the Court grants the motion pursuant to Rule 12(b)(6).

### I. BACKGROUND

On October 18, 2006, petitioner was disciplined for failing to provide a urine sample in accordance with BOP policy. Petition Attachment ("Attach.") at 3, 4.[1] Petitioner attempted to appeal the decision to the Southeast Regional Office. His appeals were rejected by notices dated November 9, 2006, and December 14, 2006, because he could "only submit one continuation [letter-sized] page" that was "legible" and with "text on one side." Attach. at 4, 7. Petitioner was informed both times that he had 10 days to "resubmit your appeal in proper

---

[1] In ruling on a Rule 12(b)(6) motion, the Court may consider "any documents either attached to or incorporated in the complaint and . . . matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson,* 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citations omitted).

form." *Id*. On January 3, 2007, petitioner appealed to the Central Office, Attach. at 2, which, on January 11, 2007, rejected the appeal because petitioner had not completed the appeal process at the regional level. Attach. at 1. Petitioner initiated this action on April 17, 2007.

## II. DISCUSSION

In order to issue a writ of mandamus, the Court must have jurisdiction over the subject matter. *In re Asemani*, 455 F.3d 296, 299 (D.C. Cir. 2006). Respondent asserts that subject matter jurisdiction is wanting because plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion requirement is "not jurisdictional," *Woodford v. Ngo,* 126 S.Ct. 2378, 2392 (2006), the Court is satisfied that it has subject matter jurisdiction to address the claim.

The writ of mandamus is "an extraordinary remedy, to be reserved for extraordinary situations." *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1063 (D.C. Cir. 1998) (citations and internal quotation marks omitted). To obtain such relief, petitioner must show that "'(1) [he] has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" *Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996) (*quoting American Cetacean Soc'y v. Baldrige*, 768 F.2d 426, 433 (D.C. Cir.1985), *rev'd on other grounds sub nom. Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221 (1986)).

Petitioner does not credibly refute respondent's bases for rejecting his administrative appeals. He therefore has not demonstrated a clear right to relief. Nor has petitioner shown that respondent had a clear duty to act. To the contrary, BOP regulations permit the

respondent to "reject and return to the inmate without response" a non-conforming appeal as long as the petitioner was, as here, given adequate notice of the defect and the opportunity to cure it. 28 C.F. R. § 542.17. Accordingly, the Court grants respondent's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A separate Order accompanies this Memorandum Opinion.

／s／ Richard J. Leon
RICHARD J. LEON
United States District Judge